**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KHALID MAHAMMEND,

    Petitioner,

v.

DAVID GREEN,
MAJOR HAGGIE,
CAPTAIN JARVIS,
SYNESSA JEFFERSON,

    Respondents.

Civil Action No.: JKB-23-1338

### MEMORANDUM OPINION

Self-represented Petitioner Khalid Mahammend filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking restoration of good conduct credits he lost as a result of a prison disciplinary hearing that took place at Baltimore City Correctional Center ("BCCC"). ECF No. 1, ECF No. 5. In response, Respondents state that the Petition should be dismissed for failure to exhaust State court remedies and for failure to state a claim. ECF No. 9. No hearing is necessary to resolve the matters pending before the Court. *See* Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (habeas petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition shall be dismissed.[1]

### I.    Background

Petitioner alleges that on January 19, 2023, he was accused of participating in an assault and robbery of another inmate that occurred on January 15, 2019.[2] ECF No. 5 at 7. His participation was described as holding the victim's door shut for fifteen minutes to prevent him

---

[1] Also pending is Petitioner's Motion to Proceed in Forma Pauperis, ECF No. 6, which shall be granted.

[2] This date appears to be an error, as it appears that the events occurred in 2023.

from escaping his cell. *Id.* Petitioner claims he was found not guilty "of what I was accused of in the ticket." *Id.* He explains that two of the charges (violations of Rules 100 and 125) were dismissed, but that his hearing was then postponed until January 26, 2023. *Id.* At a hearing, "new evidence" was considered and Petitioner was found guilty of violating Rule 102 based on the photographic evidence and the hearing officer "changing [Petitioner's] words." *Id.* Petitioner claims he was not present for the assault. *Id.*

As relief, Petitioner seeks to be awarded 1,000 good conduct credits because he was prevented from earning credits due to the guilty finding. ECF No. 5 at 7. He explains he would have earned 240 credits for his job, 90 days were revoked as part of the penalty, and "it would take [him] to work for 270 days in order to earn those 90 days back." *Id.* He additionally seeks "400 days for the transfer." *Id.*

Respondents state that on January 18, 2023, Petitioner was issued four inmate rule violations for his conduct on January 15, 2023. ECF No. 9-3 (Notice of Inmate Rule Violation). Officer Abidakun reported that on January 16, 2023, he noticed inmate Kelly Patrick had bruises on his face so he escorted him to the infirmary. *Id.* at 1. After being assessed by Nurse Felicia Nyoa, Patrick claimed he could not recall how he sustained his injuries. *Id.* Major Haggie investigated the incident. *Id.*

Surveillance cameras stationed in Patrick's housing unit revealed that on January 15, 2023, Patrick was assaulted and robbed inside his cell. ECF No. 9-3 at 1. Seven inmates were observed as participants in the assault, and Petitioner was one of the inmates identified. *Id.* The surveillance footage showed inmates Dondi Worthy, Marquise Copeland, and Jalen Bourne, entering Patrick's cell where they remained for 15 minutes. *Id.* Petitioner, along with two other inmates, were seen standing in front of Patrick's cell door, preventing him from leaving the cell. *Id.* When Worthy

and Copeland exited Patrick's cell, they were carrying a television which was later recovered from Copeland's possession. *Id.*

Petitioner was charged with violating Rule 100 (engaging in a disruptive act), Rule 102 (assault or battery on an inmate), Rule 125 (being involved with or participating in the taking of a hostage), and Rule 402 (being in an unauthorized area). ECF No. 9-3 at 2. At the initial hearing held on January 24, 2023, the institutional representative elected not to pursue the charges for violating Rules 100 and 125. ECF No. 9-4 at 3. Those charges were therefore dismissed. Petitioner pled guilty to violating Rule 402 but declined an agreement offered by the institution in connection with the Rule 102 charge. *Id.* The sanction for the Rule 402 violation was a reprimand. *Id.*

The hearing to consider the Rule 102 charge was postponed to January 26, 2023 "to allow the institution the opportunity to submit photo evidence." ECF No. 9-4 at 3. Petitioner offered no objection to the postponement. *Id.*

After reviewing surveillance video and considering Petitioner's testimony, the Hearing Officer found Petitioner guilty of violating Rule 102. ECF No. 9-4 at 5. The Hearing Officer's rationale was as follows:

> Defendant is guilty of rule 102. H.O. [Hearing Officer] finds the reports from Major Haggie, Cpl. Abidakun, Lt. Daniyan and LPN Nyoa along with photos and video footages to all be credible and reliable. H.O. considers the video footages in which H.O. observes the defendant as he entered and exited the cell of inmate Patrick Kelly, victim, along with several other inmates. H.O. sees the defendant as he also exits the cell with items in hand. H.O. also observes the defendant as he forcefully presses his body and left foot against the cell door of the victim, Patrick Kelly, preventing it from being opened.
>
> H.O. considers the defendants' testimony not to be convincing or believable as he states; I was not with those guys. I heard something going on I went to the cell to check on Patrick. However, H.O. does consider the defendants' testimony as he admits to being in the cell as inmate Patrick, victim was being assaulted and battered by stating; I was there but I didn't know what was going on. He

3

was getting attacked. When it all went down after the victim face was messed up. I went back to holler at Patrick to see what happened and why. I told him I don't have nothing to do with that and that's when I closed the door and said chill. I had to tighten him up.

H.O. believes a reasonable mind can conclude more likely than not the defendant did participate in the assault and battery of inmate victim, Patrick Kelly. These actions and statements by the defendant constitutes a guilty finding for rule 102.

Institution defers to H.O. for sanctioning. defendant gives a self recommendation for sanctions of 30DYs Loss of Visit, commissary and phone privileges. H.O. considers the defendants' history and seriousness of the offenses. H.O. imposes 60DYs seg., 90 Credits Revoked, 60Dys Loss of Commissary and Phone Privileges, concurrent.

ECF No. 9-4 at 5.

Petitioner appealed the Hearing Officer's decision to the Warden and the decision was affirmed. ECF No. 9-5 at 1. Petitioner also filed a complaint with the Inmate Grievance Office ("IGO") challenging the Hearing Officer's decision. ECF No. 9-6. On February 17, 2023, the IGO administratively dismissed Petitioner's complaint without holding a hearing. *Id.*

## II.   Standard of Review

### A.   Due Process

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have

non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564–66, 592. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter,* 425 U.S. at 322, n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Importantly, federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990); *Tyler v. Hooks*, 945 F.3d at 171–72. As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

### B.      Exhaustion

A habeas petition filed by a prisoner in State custody may not be granted if the claims raised have not been presented to the State courts for review. This exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to a § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing

remedies available in State court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the State courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Appeals and to the Maryland Supreme Court. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The State courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In Petitioner's case, exhaustion of his due process claim required him to appeal the IGO dismissal of his complaint to State circuit court. If he was not successful in circuit court, he would be required to appeal the decision to the Maryland Court of Appeals and to the Maryland Supreme Court if he did not get relief from the intermediate court. *See* Md. Code Ann., §§ 10-206, *et seq.* If, however, Petitioner could demonstrate that a successful challenge to the validity of the disciplinary hearing decision would result in his release from prison, he is permitted to file a petition for writ of habeas corpus in State court without first exhausted administrative remedies. *See Md. House of Correction v. Fields*, 348 Md. 245, 703 A.2d 167, 175 (1997).

**III.   Analysis**

Petitioner states in his supplemental petition that he filed an appeal with the circuit court following the IGO's dismissal of his complaint, but he never received a case number. ECF No. 5 at 4. Petitioner provides no details regarding his attempt to file an appeal with the appropriate circuit court and there is no evidence to support that contention. Nothing on Maryland's Judiciary Case Search indicates that Petitioner has ever filed an administrative agency appeal. *See*

6

http://casesearch.courts.state.md.us/casesearch/ (last visited December 1, 2023). Thus, his due process claim is unexhausted and must be dismissed.

Even if Petitioner had exhausted his claim, it does not warrant federal habeas relief. As noted, it is not the role of this Court to review the accuracy of a disciplinary hearing officer's factual findings. Here, there was "some evidence" to support Petitioner's guilty finding thereby insulating it from a due process challenge on that basis.

**IV.    Conclusion**

Having determined that the claim asserted by Petitioner has not been properly exhausted, the Petition must be dismissed. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The Court will not issue such a certificate. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one). A separate Order follows.

Dated this __18__ day of December, 2023.

FOR THE COURT:

James K. Bredar
Chief Judge

7